PER CURIAM.
This proceeding is before us pursuant to a stipulation between the Florida Judicial Qualifications Commission and the Honorable Evelyn D. Golden, a County Judge of Orange County, Florida, recommending that Judge Golden be publicly reprimanded for violations of Cannons 1, 2A, and 3 of the Code of Judicial Conduct. We have jurisdiction. Art. V, § 12, Fla. Const. We approve the stipulation.
The stipulation reads as follows:
The Florida Judicial Qualifications Commission (the “Commission”) and the Honorable Evelyn D. Golden hereby stipulate for the purposes of this inquiry that: ,
1. Judge Golden admits the allegations set forth in the Notice of Formal Charges (the “Notice”) instituting this inquiry.
2. Judge Golden specifically consents to a finding of probable cause by the Commission as to such matters under the Notice of Investigation served January 21, 1994.
3. Judge Golden does not contest the findings and recommendation of the Commission set forth below.
4. Judge Golden regrets and apologizes for her conduct.
5. This Stipulation constitutes the only response to this cause by Judge Golden.
6. The Commission and Judge Golden waive oral argument.

FINDINGS AND RECOMMENDATIONS

After a full and deliberate consideration of the charges set forth in the Notice of Formal Charges, the Commission, by a vote of at least nine members, makes the following findings with respect to the Respondent, Judge Evelyn D. Golden:
1. While performing your duties as a County Court Judge, you made sexist and racial remarks, including but not limited to the following:
a. You made a racist remark regarding Hispanic Americans. Specifically, you responded to a public defender’s assertion that her client had gotten married and was doing well by saying, “He’s Hispanic, get real.”
b. On August 24, 1992 you attended a meeting of several Orange County Judges for the purpose of discussing divisional rotation. At that meeting you expressed dissatisfaction with Chief Judge Frederick Pfeiffer because you had not been rotated out of the traffic division. During the course of the meeting you stated that Judge Pfeiffer was a “racist and a sexist”. These allegations were made without any supporting evidence or apparent explanation other than your displeasure at remaining in the traffic division.
2. You have used crude, profane, and inappropriate language when presiding over legal proceedings, including but not limited to the following:
a. On March 27, 1992, defense attorney Wayne Shoemaker was entering a plea on behalf of defendant Jerry Boggs. During the proceedings you abruptly recessed the plea and ordered counsel to your chambers. While in chambers you are quoted as having said, “I have a burr up my ass. I am not getting any f— respect.”
b. On August 19,1992, you repeatedly admonished defendants by employing inappropriate phrases such as “you will find your butt in jail.”
e. On September 16, 1992, you were hearing motions prior to the opening of a trial. The arguments lasted longer than you had anticipated, and you expressed your displeasure at the delay by stating, “I’m going to ask this question, and we’re going to move on. Because it’s 10:20; we’ve been pissing around an hour and a half here. I’m not going to keep this up now.”
d. On another occasion a defendant explained that he could not pay a fine because he had several children, and one had recently had surgery. You responded that he should “get a second or third job and work more hours and quit having so many babies so you can afford to pay your fines.” You also advised the defendant to use birth control.
*972 3. You have failed to diligently perform the duties of your office, including but not limited to the following:
a. On at least one occasion you failed to show up for trial. After that incident you chastised -the prosecutor for asking the Administrative Judge if anyone else was available to hear the case.
b. On at least one occasion, Judge Todd was required to try a case originally assigned to your docket. There are indications that you missed the trial for non-emergency personal reasons which did not justify the inconvenience of either the litigants or Judge Todd.
c. You have been consistently late for trials and hearings during tné time in question. You generally arrived anywhere from fifteen minutes to an hour and a half after schedule. Your morning and afternoon sessions rarely, if ever, begin on time.
4. On August 19, 1992, you presided over the trial of a Mr. Joel R. Sharp regarding a speeding ticket. You dismissed the case because the arresting officer failed to appear in court. When Mr. Sharp attempted to speak to the bench you became surly and repeated “case dismissed. Sit down.” When it was explained that Mr. Sharp merely wanted to thank you for rescheduling his original trial date, you did not respond, but merely smirked and rolled your eyes at him.
5. On one occasion you refused to allow the release of a terminally ill woman because her documentation had yet to arrive from Seminole County. You supported this decision by stating, in the woman’s presence, that “it’s not my problem that she’s dying, that’s her problem.”
6. You required a man to refrain from entering any bar as a plea condition for DUI. The defendant’s recently widowed mother explained that she owned a bar and needed her son to fill in as a bartender occasionally so she would not have to be alone at night. You responded to the woman’s concerns by saying that “It’s not my problem that your husband died and you don’t have a male figure in your life. That’s your problem.”
7.As a consequence of the foregoing actions you have conducted yourself in a manner inconsistent with the high standards of conduct necessary to the preservation of the integrity of the judiciary contrary to the provisions of Canons 1, 2A and 3 of the Florida Code of Judicial Conduct.
Accordingly, based on the foregoing, we hereby reprimand Judge Evelyn D. Golden for improper conduct by a judicial officer.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and WELLS, JJ., and McDONALD, Senior Justice, concur.