PER CURIAM.
Article V, section 12 of the Florida Constitution vests this Court with the authority to determine, based upon the recommendation of the Judicial, Qualifications Commission (JQC), whether a judge has committed acts of misconduct and whether that misconduct justifies a disciplinary sanction. This responsibility is essential to the integrity of the justice system. In this case, we review the joint stipulation of the Investigative Panel of the JQC and Circuit Court Judge W. Wayne Woodard that Judge Woodard violated provisions of the ethics rules governing judges in this state. We also review the JQC’s recommendation that Judge Woodard be publicly reprimanded and required to complete “suitable anger management counseling.” We approve the stipulation and the discipline recommended therein.
I. FACTS AND PROCEDURAL HISTORY
The charges to which the Investigative Panel and Judge Woodard stipulated stem from his improper behavior during his campaign for judicial office and his improper behavior while on the bench as a circuit court judge. On August 5, 2005, the JQC filed a notice of formal charges against Judge Woodard, charging him with seven violations of Canons 1, 2, and 3 of the Code of Judicial Conduct.[1] Specifically, Judge Woodard was charged as follows:
1. Shortly after April 20, 2004, you telephoned the residence of your then recently declared opponent, Carolyn Garber, speaking to her husband, Ken *390 neth Garber. You suggested to Mr. Garber that Ms. Garber might wish to reconsider her candidacy. You further told Mr. Garber that you had a lot of money amassed for your campaign and had locations lined up for your campaign signs. You stated that the campaign was for your retirement and grandchildren, and that losing the election would affect your retirement, and thus your grandchildren. This call represented an improper effort to encourage Ms. Gar-ber not to run against you.
2. You are frequently late in beginning scheduled first appearance hearings.
3. On one occasion in the summer of 1998 you left an arraignment to conduct a radio campaign interview.
4. In or about 2000, you began the small claims docket at 8:50 a.m., when it was scheduled to begin at 9:00 a.m. and insisted that attorney Louise Hanaoka commence her case in the absence of her opponent attorney Moran, stating “the docket starts when I say it starts.” When Mr. Moran arrived at 9:00 a.m., you then required counsel to wait until the end of the docket despite the fact that both [attorneys] were in court at the proper time.
5. You incorrectly asserted in your campaign literature in the summer of 2004 the number of jury trials over which you presided.
6. Despite the fact that following the hurricanes in the summer of 2004 the trial schedule was in disarray, when an expert witness in a small claims case pending before you failed to appear, you issued a bench warrant for the witness with a $100,000 bond. This resulted in that person, who was represented by attorney Mark Desisto, being incarcerated for seven hours before you released him on his own recognizance.
7.You repeatedly exhibited rudeness and impatience with counsel, witnesses, and parties appearing before you.
Judge Woodard fully admitted engaging in this improper behavior, and stipulated to a sanction of a public reprimand and completion of “suitable anger management counseling.”
II. ANALYSIS
A. Scope of Review and the JQC’s Findings
The first issue before the Court is whether we should approve the JQC’s findings. Article V, section 12(c)(1) of the Florida Constitution provides in pertinent part:
The supreme court may accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the commission and it may order that the justice or judge be subjected to appropriate discipline, or be removed from office with termination of compensation for willful or persistent failure to perform judicial duties or for other conduct unbecoming a member of the judiciary demonstrating a present unfitness to hold office, or be involuntarily retired for any permanent disability that seriously interferes with the performance of judicial duties.
This Court reviews the findings of the JQC to determine whether the alleged violations are supported by clear and convincing evidence, and reviews the recommended discipline to determine whether it should be approved. See In re Diaz, 908 So.2d 334, 336-37 (Fla.2005). “In cases where a judge admits to wrongdoing and the JQC’s findings are undisputed this Court will ordinarily conclude that the JQC’s findings are supported by clear and convincing evidence.” Id. at 337. Because Judge Woodard stipulated to the JQC’s *391 factual findings, no additional proof is necessary to support the JQC’s factual findings. We determine that the stipulated facts constitute clear and convincing evidence. Therefore, the issues we must address are whether the stipulated facts violate Canons 1, 2, and 3 of the Code of Judicial Conduct and whether the recommended discipline should be approved.
B. Misconduct During Judicial Campaign
Judge Woodard was charged in Counts I and V with violating Canons 1, 2, and 3, which set forth the ethics rules governing judges in this state. These charges relate to Judge Woodard’s misconduct during his judicial campaign in 2004. Canons 1 and 2 of the Code of Judicial Conduct “broadly prohibit conduct unbecoming a judicial officer.” Diaz, 908 So.2d at 337-38. Canon 1 provides in pertinent part that “[a] judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary may be preserved.” Canon 2A states that a judge “shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.”
Canon 3 relates generally to judicial duties prescribed by law, and requires a judge to perform these duties impartially and diligently. Significantly, this canon makes clear that the “judicial duties of a judge take precedence over all the judge’s other activities.” Fla.Code Jud. Conduct Canon 3A. In addition, Canon 3B(4) provides that a judge “shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity,” and Canon 3B(8) requires a judge to “dispose of all judicial matters promptly, efficiently, and fairly.”
Based upon our review, we conclude that Judge Woodard’s misconduct during his campaign for judicial office in 2004 represents an attempt to influence the political process in violation of Canons 1, 2, and 3 of the Code of Judicial Conduct. Further, by misrepresenting in his campaign literature the number of jury trials over which he had presided, Judge Woodard interfered with a truthful and orderly election. Clearly, the misconduct during the campaign for judicial office fails to comport with the high standards of conduct required of judges by the Code of Judicial Conduct. Moreover, this misconduct undermines the public’s confidence in the integrity of the judiciary.
C. Misconduct While on the Bench
The remaining counts relate to Judge Woodard’s misconduct while he was a circuit court judge. This misconduct encompasses instances in which Judge Woodard frequently failed to timely begin scheduled first appearances, left an arraignment to conduct a radio campaign interview, and repeatedly exhibited rude, impatient, and disrespectful behavior toward attorneys, litigants, and witnesses appearing in proceedings before him.
We have previously determined that a consistent failure to diligently perform the duties of judicial office is “inconsistent with the high standards of conduct necessary to the preservation of the integrity of the judiciary.” In re Golden, 645 So.2d 970, 972 (Fla.1994). In addition, the commentary to Canon 3B(8) explains that in carrying out the responsibilities of judicial office, a judge is required to “devote adequate time to judicial duties, to be punctual in attending court and expeditious in determining matters under submission.” Judge Woodard’s failure to conduct proceedings in a timely manner is inconsistent with the requirements imposed on judges by the Code of Judicial Conduct. Further, *392 Judge Woodard’s repeated rudeness and impatience in dealing with attorneys, litigants, and witnesses appearing before him undermines the public’s confidence in the integrity of the judiciary and constitutes conduct unbecoming a judicial officer. Cf. In re Schapiro, 845 So.2d 170, 173 (Fla.2003) (concluding that judge violated the Code of Judicial Conduct by engaging in a “general pattern of rude and intemperate behavior”); In re Schwartz, 755 So.2d 110, 113 (Fla.2000) (concluding that judge violated the Code of Judicial Conduct by making “rude, impatient, and discourteous remarks from the bench”). Thus, we determine that the stipulated facts in these counts also demonstrate that Judge Woodard violated Canons 1, 2, and 3 of the Code of Judicial Conduct.
D. Recommended Discipline
The next issue we address is whether we should approve the JQC’s recommended discipline. In this case, the JQC and Judge Woodard stipulated to a discipline of a public reprimand and completion of “suitable anger management counseling.” In comparable cases, this Court has approved the same discipline recommended by the JQC in this case. See, e.g., In re Schapiro, 845 So.2d at 174 (approving public reprimand and participation in psychological or behavioral treatment program for a judge who engaged in a pattern of rude, impatient behavior); In re Golden, 645 So.2d at 972 (approving public reprimand for a judge who missed a trial for non-emergency reasons, was consistently late for trials and hearings, and used inappropriate language while presiding over cases). As previously stated, we determine that Judge Woodard’s misconduct is unbecoming to a member of the judiciary and undermines the integrity of the judicial system. Accordingly, we approve the recommended sanction of a public reprimand and completion of “suitable anger management counseling.”
III. CONCLUSION
For the reasons set forth herein, we find by clear and convincing evidence that Judge W. Wayne Woodard violated Canons 1, 2, and 3 of the Code of Judicial Conduct. For these violations, we determine that Judge Woodard shall receive a public reprimand and shall participate in and complete “suitable anger management counseling” as a condition of this Court’s sanctions. Failure to comply with this condition shall constitute cause for additional discipline. Judge Woodard is directed to appear before this Court for the administration of a public reprimand at 8:30 a.m. on February 10, 2006.
It is so ordered.
PARIENTE, C.J, and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.

. The notice of formal charges did not specify which particular provisions of Canons 2 and 3 Judge Woodard violated.